Case 2:01-cv-01758-ROS   Document 84   Filed 06/06/07   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity; Western Land Exchange Project; and the Sierra Club,<br><br>   Plaintiffs,<br><br>v.<br><br>United States Department of the Interior; and U.S. Bureau of Land Management,<br><br>   Defendants,<br><br>and<br><br>ASARCO, Inc.,<br><br>   Defendant-Intervenor | No. CV 01-1758-PHX-ROS<br><br>**ORDER** |

   Pending before the Court is Plaintiffs' challenge to the Interior Board of Land Appeals' ("IBLA") decision affirming the Bureau of Land Management's ("BLM") decision to approve the Ray Land Exchange. For a summary of the procedural history of this case, refer to the Court's Order of September 30, 2005.

   Plaintiffs challenges the IBLA's decision on three grounds: (1) the BLM improperly concluded and the IBLA wrongly affirmed that ASARCO had a right to develop their mining claims without evidence that the claims were valid; (2) even if ASARCO had valid claims, the BLM improperly determined and the IBLA wrongly affirmed that mining of the selected

1    lands would occur regardless of the land exchange; and (3) the BLM improperly concluded
2    and the IBLA wrongly affirmed that the land exchange was in the public interest. For the
3    following reasons, the Court affirms the IBLA's and the BLM's rulings.

4          This case arises from a proposed land exchange between the BLM and ASARCO
5    pursuant to the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. §§ 1701
6    et seq., and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et seq. As
7    a prerequisite to the land exchange, the BLM prepared an Environmental Impact Statement
8    (EIS) to evaluate the environmental effects of the transaction. In April of 2000, the BLM
9    issued a Record of Decision (ROD) approving the land exchange. Plaintiffs protested this
10   decision to the BLM, which was denied in May of 2001. Plaintiffs then appealed that
11   decision to the IBLA, which affirmed the BLM's ROD on August 27, 2004.

12         Since Plaintiffs are challenging the BLM and IBLA's compliance with FLPMA and
13   NEPA, this Court reviews those decisions under the Administrative Procedure Act, 5 U.S.C.
14   § 706, which states that an agency's actions, findings and conclusions must be upheld unless
15   they are arbitrary, capricious, an abuse of discretion, or contrary to law. 5 U.S.C. §
16   706(2)(A).

17         Section 102(2)(C) of NEPA requires the BLM to prepare an EIS before it approves
18   a land exchange under the FLPMA. 42 U.S.C. 4332(2)(C). The adequacy of the EIS is
19   reviewed by this Court merely to ensure that the EIS constituted a detailed statement of all
20   the potential significant environmental consequences of the proposed action and reasonable
21   alternatives thereto, considering all relevant matters of environmental concern. Id.; Kleppe
22   v. Sierra Club, 427 U.S. 390, 410 (U.S.Dist.Col. 1976) (stating a court should not substitute
23   its judgment for that of the agency as to the environmental consequences of its actions and
24   that the only role for a court is to insure that the agency has taken a "hard look" at
25   environmental consequences; it cannot interject itself within the area of discretion of the
26   executive as to the choice of the action to be taken).

27         This Court is governed by the "'rule of reason', under which an EIS need not be
28   exhaustive to the point of discussing all possible details bearing on the proposed action but

1  will be upheld as adequate if it has been compiled in good faith and sets forth sufficient
2  information to enable the decision-maker to consider fully the environmental factors involved
3  and to make a reasoned decision after balancing the risks of harm to the environment against
4  the benefits to be derived from the proposed action, as well as to make a reasoned choice
5  between alternatives." Suffolk County v. Secretary of Interior, 562 F.2d 1368, 1375
6  (C.A.N.Y. 1977).

7  In the ROD and the EIS, the BLM considered various alternatives, including an option
8  where they would not go through with the land exchange. The BLM concluded that even if
9  the land exchange was rejected, mining would still occur on the public lands because under
10 the General Mining Law of 1872, ASARCO could conduct mining activities on these
11 Federally owned lands as they have over 700 mining claims on those lands. Plaintiffs object
12 to this conclusion and argue that the BLM improperly concluded that ASARCO had a right
13 to develop their mining claims without evidence that the claims were valid.

14 Plaintiffs, however, do not cite any case which states that the BLM must prove the
15 validity of ASARCO's claims before making the conclusion that mining would occur even
16 without approval of the land exchange. In their discretion, the BLM concluded that even if
17 the lands remained in Federal control, under the Mining Law ASARCO would be allowed
18 to conduct mining operations. Unless that conclusion was arbitrary or capricious, this Court
19 does not have the authority to question that judgment. Generally, an agency decision will
20 be considered arbitrary and capricious if "the agency had relied on factors which Congress
21 had not intended it to consider, entirely failed to consider an important aspect of the problem,
22 offered an explanation for its decision that runs counter to the evidence before the agency,
23 or is so implausible that it could not be ascribed to a difference in view or the product of
24 agency expertise." Friends of the Bow v. Thompson, 124 F.3d 1210, 1215 (10th Cir. 1997).
25 That is not the case here. Ultimately, the BLM can conduct validity examinations of
26 ASARCO's claims if they so choose, however, this Court cannot force the BLM to conduct
27 those examinations prior to concluding that mining would occur even without approval of
28 the land exchange.

Further, Plaintiffs' argument presumes that they have some right to challenge the BLM's conclusion that mining could take place on Federal lands. "[T]hird parties who claim no ownership interest in the land subject to a mineral patent cannot challenge the issuance or validity of the patent under the 1872 Mining Law and have no right to relief." High Country Citizens Alliance v. Clarke, 454 F.3d 1177, 1180 (10th Cir. 2006). The BLM has concluded that if the land exchange was denied, the ultimate result would be that ASARCO would be able to conduct mining activities on that land. Presuming that this occurred, Plaintiffs would have no right to cease such activities if they are conducted in accordance with the BLM's decision. Accordingly, Plaintiffs have no right now to challenge the BLM's conclusion that mining would occur regardless of the result of the land exchange.[1]

Finally, the Plaintiffs challenge the BLS's conclusion that the land exchange was in the public interest. "A tract of public land or interests therein may be disposed of by exchange . . . under this Act [only where it is] determine[d] that the public interest will be well served by making that exchange." 43 U.S.C.A. § 1716. "Where conflicting uses of the public lands are at issue and the matter has been committed to the discretion of the BLM, the Board will uphold the decision of the BLM unless appellant has shown that the BLM did not adequately consider all of the factors involved." California Assoc. of Four-Wheel Drive Clubs, et al., 38 IBLA 361, 367-68. After reviewing the BLM and IBLA decisions, along with the EIS, the Court concludes that a thorough discussion of the public interest was made. While Plaintiffs ultimately disagree with the BLM's and the IBLA's conclusions that the public interest was served in approving the land exchange, such a conclusion was not arbitrary or capricious and all relevant factors involved were considered.

---

[1] As a result of this conclusion, the BLM also concluded that a "no-mining" alternative was impossible and unforeseeable and therefore did not include a detailed analysis of this scenario in the EIS. The no-mining alternative is based on Plaintiff's assumption of the invalidity of all of ASARCO's mining claims. The BLM concluded that such an assumption was speculative and not supported by the record. The Court agrees. Therefore, since this alternative was not reasonable, it did not have to be considered by the BLM. See San Carlos Apache Tribe, 149 IBLA 29, 50 (1999).

Accordingly,

**IT IS ORDERED THAT** the opinion of the IBLA is **AFFIRMED**.  The Clerk of Court shall **DISMISS** Plaintiffs' case **WITH PREJUDICE**.

DATED this 6th day of June, 2007.

_____
Roslyn O. Silver
United States District Judge